## Case No. 16,253a.

### UNITED STATES v. SEVEN BARRELS DISTILLED OIL.

[8 Int. Rev. Rec. 162.]

District Court, E. D. New York. 1868.

FORFEITURES UNDER INTERNAL REVENUE LAWS — COSTS.

In proceedings in rem against merchandise, under the 48th section of the internal revenue act of 1864 [13 Stat. 248], in cases of adjudged forfeiture to the United States, claimants contesting such forfeiture are subject to costs.

At law.

BENEDICT, District Judge. This case presents the question as to what should be the judgment in regard to costs in proceedings in rem, taken to enforce the forfeiture which are provided for by the laws relating to the internal revenue.

The facts are as follows: An information was filed in the circuit court of this district against certain personal property, which was thereafter seized under process issued in rem. Upon the return day of the process, John H. Clausen appeared, and filed a claim to the property, averring that he was the mortgagee of the property, and entitled to the possession thereof, by virtue of the mortgage at the time of the seizure of the property by the marshal. No exception to the claim and intervention of the claimant was filed on behalf of the United States, and thereafter the claimant duly filed his answer, denying that the property in question had become forfeited, as alleged in the information, and at the same time, in pursuance of the rules and practice of the court, the claimant filed a stipulation, executed by himself, with a surety, in the sum of $250, conditioned that the claimant should pay all costs and expenses which should be awarded by the final decree of this court, or upon appeal by the appellate court, the parties thereto consenting that, in case of default of contumacy on the part of the claimant or his surety, execution for the sum of $250 may issue against their goods, chattels and lands. No stipulation for value was given, and the property remained in custody until sold by order of court pending the suit, in pursuance of a consent, and the proceeds paid into the registry.

Thereafter the cause came on to be tried before the court and jury, when it appeared by the admissions of the parties that the act set forth in the information had been committed by the owner of the property while in possession thereof, but no unlawful act had been committed by the mortgagee, who was the only claimant before the court. The court therefore directed a verdict for the government, subject to the opinion of the court, and thereafter ordered judgment to be entered upon the verdict, condemning the goods as forfeited to the United States, reserving, however, the question as to what judgment should be entered in regard to costs. That question, having been argued by the respective counsel, is now to be disposed of by the court.

The proceeding in question is purely a statutory one, and the authority for it is given in the forty-eighth section of the act of 1864, which declares that proceedings to enforce the forfeiture imposed by the act "shall be in the nature of a proceeding in rem in the circuit or district court where such seizure is made." According to the act, the proceeding, it is to be observed, is only required to be in the nature of a proceeding in rem. It is left to the courts, by rules and regulations, to establish the practice to be observed in conducting such proceedings, which practice

must, however, conform in nature to the well-known proceedings in rem, and which must, of course, be subject to any general statutory regulations which are applicable thereto. Such a statutory regulation in regard to the question of liability for costs is found in the act of May 8, 1872 (1 Stat. p. 277), where it is provided that "in every prosecution for any fine or forfeiture under any statute of the United States, and if judgment is rendered against defendant, he shall be subject to the payment of costs." The word "defendant" as used in this act must be held to include a claimant in action in rem for a forfeiture. No other party is before the court in such a proceeding to whom the word "defendant" can be applied. According to this act, then, in all cases like the present, when a verdict is rendered in favor of the government, a judgment must be entered condemning the property as forfeited to the United States, and condemning the claimant to pay the costs; and such a decree will cover all the costs of the cause. The act makes no allusion to any exceptions, nor does it permit the court to exercise any discretion in the premises. The claimant is made by law subject to the costs and all the costs incurred in the cause. If this view be correct, the court is not only without power in this case to exempt claimant from liability for costs, but it has no power to strike from the costs the items of custody fees incurred previous to the intervention of the claimant, nor the expenses attending the sale of property. These are legal items of costs in the cause, although not caused by the intervention of the claimant.

The effect thus given to the statute does not differ from the effect of an ordinary decree in proceedings in rem. In admiralty, where costs are awarded, the claimant is held liable for the costs, in addition to the value of the vessel and to the items attending her arrest and her sale. The John Dunn, 1 W. Rob. Adm. 160; The Dundee, 2 Hagg. Adm. 142; Coote, Adm. p. 95. In prize cases these items have not in all cases been charged against the claimant, as in the case of The Sally [Case No. 12,258]. In the case of The Langdon Cheves [Id. 8,063], they were allowed; but prize cases are exceptional, and, besides, in admiralty proceedings the costs are always at the discretion of the courts.

The present is a proceeding at common law, in which no such discretion can be exercised, unless given by statute. It follows, therefore, that in this case there must be a judgment in favor of the United States against the claimant for the amount of the costs of the cause, and this amount is not limited to the amount fixed in the stipulation for costs. The fact that the claimant signed the stipulation did not increase his liability, nor can the stipulation have any effect to diminish that liability, which the statute imposes upon him.

As to the stipulator, the case is different.

He is only liable by virtue of his stipulation, and that liability cannot exceed the amount of the stipulation. The judgment will accordingly provide that for that sum, which in the present case is $250, execution will issue against the goods, chattels, and lands of the stipulator, according to the terms of the stipulation, in accordance with the practice in this particular in admiralty proceedings in rem (Gaines v. Travis [Case No. 5,180], and Holmes v. Dodge [Id. 6,637]), which, when applicable, are directed by the rules of this court to be followed in cases of seizure on land upon information.